[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's application to confirm the arbitration award, and the plaintiff's objection. The plaintiff submitted his uninsured motorist claim to arbitration pursuant to a policy covering the automobile in which he was injured. The panel of arbitrators which considered the claim, denied coverage on the ground that the plaintiff had failed to exhaust liability CT Page 1004 coverage for the tortfeasor vehicle and denied him uninsured motorist coverage.
The pertinent factual background is as follows. The plaintiff was a driving instructor employed by EZ Method Driving School. He was in a vehicle owned by Carol Galinas, instructing the tortfeasor, Trini Peacock. The defendant, New Hampshire Insurance Co, provided automobile insurance coverage, including uninsured motorist coverage, to E-Z Method Driving School for the 1993 Plymouth Sundance automobile which was involved in the accident at issue in this case.
The policy included provisions excluding from coverage:
 "Any obligation for which the `insured' or the `insured's' insurer may be held liable under any worker's compensation, disability benefits or unemployment compensation law . . .
 `Bodily injury' to: a. An employee of the `insured' arising out of and in the course of employment by the `insured'. . ."
The policy also provides that an "insured" is defined as:
 "Any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or `suit' is brought."
The plaintiff did not make any claim against the owner or operator of the tortfeasor's vehicle. Rather, the plaintiff argues that under the plain language of the policy, such claims would be barred because "[t]he language of the policy is crystal clear: There is no liability coverage for injuries to employeesof the named insured." Plaintiff's Objection to Defendant's Application to Confirm Arbitration Award, p. 72.
Because the plaintiff failed to make a claim of against the owner or operator, the arbitrators held that he had not exhausted the claims. The plaintiff maintains, he did not make these claims because they would be barred by the policy. Unfortunately, no such legal determination was ever made.
In its motion to confirm the arbitrators decision, the CT Page 1005 defendant cites numerous cases. In its objection, the plaintiff cites others. The case law cited by the parties is inapposite to the direct issue here. The issue here is whether, when falling to make claims against potential defendants, the plaintiff may still pursue an uninsured motorist claim because of his/her belief that such claims are legally barred. This court holds, that the plaintiff's unproven and unsustained belief is insufficient. Coverage may be available through policies insuring the owner and/or operator of the vehicle. Such policies would have to be exhausted before the plaintiff could seek to recover the uninsured motorist coverage provided by the defendant. Without pursuit of his claim against the owner and/or operator of the tortfeasor vehicle, the plaintiff cannot prove that it exhausted available coverage. Therefore, the arbitrators decision was proper and this court confirms the arbitration award.
Angela Carol Robinson Judge